On Rehearing
HARDY, Judge.
The nature of this suit and the facts in connection therewith have been fully set forth in our opinion on original hearing. Rehearing was granted in order to permit a further examination and consideration of defendant’s accounting and the evidence in support thereof. In our original opinion we noted that the evidence in support of defendant’s asserted credits and offsets against amounts admittedly received were “virtually non-existent”, and we concluded that judgment should not be predicated upon what we then regarded as inadequate proof. The additional consideration which we have given to this point has served to convince us that we were in error.
As pointed out in our original opinion, the burden of establishing credits or offsets claimed against an account for monies received must be assumed by the party asserting such credits, and we are *342 now concerned with the issue of proof, as reflected by the record before us, in the effort to determine whether defendant satisfactorily fulfilled this burden.
The record discloses that defendant’s statement of account was offered, introduced, received and filed in evidence without objection by counsel for plaintiff. In support of the correctness of his account defendant testified positively that his disbursements had been made with the consent either of counsel for plaintiff, or counsel for the mortgage creditor, and defendant’s own attorney. This witness further testified in his own behalf that he was originally directed by plaintiff’s husband to make payments in accordance with such instruction as might be given him, and that, after the institution of divorce proceedings between plaintiff and her husband, defendant “ * * * collected and disbursed the money as he was directed by the attorneys representing each side.”
While admittedly the above mentioned evidence was woefully lacking in detailed support, nonetheless, it must be considered to have established at least a prima facie showing of correctness, and, since it stands without attack or contro-version by plaintiff, we do not feel justified in rejecting such proof and refusing recognition of the effect thereof. Certainly the trial afforded plaintiff every opportunity to rebut any and all items of defendant’s account as established by the document introduced in evidence and supported by defendant’s sworn testimony. The failure to attempt any rebuttal must be construed most strongly against plaintiff and it matters not whether this failure was due to lack of availability of evidence or to oversight. A still further persuasive circumstance in this regard must be inferred from the fact that the identical account upon which defendant relies had been presented to and received by plaintiff’s attorney almost four months before institution of this suit, and plaintiff was therefore cognizant of the items reflected by the account upon which defendant relied.
In view of the facts stated above we are impelled to the conclusion that such proof as was developed on trial of the case supports defendant’s contention, and, in the absence of attack by plaintiff, must be accepted.
Inasmuch as the account reflects a balance due in favor of plaintiff in the sum of $406.70, and in consideration of the fact, that check for such amount had been delivered to and was in the possession of plaintiff’s attorney some months prior to-institution of this action, we think it must, be concluded that defendant made satisfactory tender of payment which must be-deemed sufficient to relieve him from payment of costs.
For the reasons assigned the judgment, appealed from is annulled, set aside and reversed, and there is now judgment in favor of defendant, Bryan G. Willis, rejecting plaintiff’s demands, in excess of the amount tendered, together with all costs, of both courts.